IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>vs.<br><br>JAMES CHRISTOPHER VALIMONT,<br><br>                 Defendant. | 8:12-CR-430<br><br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report (PSR) in this case. The defendant has objected to the PSR and moved for a downward departure or variance. Filings 58 and 60.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

 (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the PSR and moved for a downward departure or variance. Filings 58 and 60. The defendant objects to the probation officer's determination that no downward role adjustment was warranted under U.S.S.G. § 3B1.2. *See* PSR at ¶ 32 and pp. 19–20. Section 3B1.2 provides for a two-level decrease in the offense level if the defendant was a "minor participant" in their offense, and a four-level decrease if the defendant was a "minimal" participant. The defendant argues that a full four-level adjustment is warranted in his case. Both parties will be given an opportunity to present evidence on this matter at sentencing, at which time the Court will resolve the objection.

    The defendant next argues for a variance based on the facts and circumstances of his offense and his personal characteristics. He also argues that a variance is warranted based upon the recent decriminalization of marijuana in Colorado and Washington as well as changes in federal enforcement policies. Filing 60. Similarly, the defendant argues that marijuana should be classified as a Schedule II, rather than Schedule I, controlled substance, and that he should be sentenced accordingly. *See* 21 U.S.C. § 812(b); filing 57. The Court will resolve the defendant's motion for a variance at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials.

- 3 -

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 10th day of February, 2014.

BY THE COURT:

_____
John M. Gerrard
United States District Judge